# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LÉONE MEYER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BOARD OF REGENTS OF THE )<br>UNIVERSITY OF OKLAHOMA, )<br>DAVID L. BOREN IN HIS CAPACITY )<br>AS THE PRESIDENT OF THE )<br>UNIVERSITY OF OKLAHOMA, AND )<br>THE UNIVERSITY OF OKLAHOMA )<br>FOUNDATION, INC. )<br>Defendants. ) | Case No. CIV-15-00403-HE |

## DEFENDANTS' MOTION FOR ORDER COMPELLING COMPLIANCE WITH COURT'S ORDER AND EXPEDITED CONSIDERATION OF THE SAME AND BRIEF IN SUPPORT

Michael D. McClintock, OBA #18105
Michael K. Avery, OBA # 22476
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square,
211 N. Robinson Avenue
Oklahoma City, OK  73102-7103
(405) 235-9621 (Tel.) (405) 235-0439 (Fax)
michael.mcclintock@mcafeetaft.com
michael.avery@mcafeetaft.com

-and-

Thaddeus J. Stauber, *pro hac vice*
Nixon Peabody LLP
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013-1010
**ATTORNEYS FOR THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA AND THE UNIVERSITY OF OKLAHOMA FOUNDATION, INC.**

**Motion**

Defendants the Board of Regents of the University of Oklahoma (the "Board") and The University of Oklahoma Foundation, Inc. (the "Foundation") (collectively the "Oklahoma Parties") move the Court to exercise the jurisdiction it retained over this matter via its March 1, 2016 Order [Dkt. No. 100] (the "Order") and Judgment [Dkt. No. 101] (the "Judgment") and enter an Order compelling Plaintiff Léone Meyer ("Ms. Meyer") to comply with the terms of the parties' Settlement Agreement (the "Agreement"). More specifically, the Oklahoma Parties request the Court order Ms. Meyer to dismiss a legal action which she has, in contravention of the Agreement, recently commenced against the Oklahoma Parties in France. The Agreement acknowledges this breach by Ms. Meyer irreparably harms the Oklahoma Parties as a result, and because a hearing in the new matter is set for early December, the Oklahoma Parties request the Court consider this Motion on an expedited basis.

In support of their requests for relief, the Oklahoma Parties submit the following brief.

**Brief in Support**

1. At issue in this lawsuit was the ownership of a Camille Pissarro painting known as "Shepherdess Bringing in Sheep (1886)" (the "Painting").

2. In early 2016, the parties settled their dispute via the Agreement. *See* [Dkt. No. 99-1].

3. On February 24, 2016, the parties filed a Joint Motion for Status Conference and for Dismissal of Lawsuit with Court Retaining Jurisdiction to Enforce Settlement Agreement. *See* [Dkt. No. 99].

4. Attached to this Motion was the Agreement which contains, as relevant here: (a) provisions addressing how the Painting would be shared between the parties over time; (b) a covenant from Ms. Meyer not to sue the Oklahoma Parties; (c) an acknowledgment by the parties that breaches of the Agreement would cause irreparable harm to a non-breaching party and consequently, an agreement by the parties that "upon any breach of th[e] Agreement," the non-breaching party may "immediately seek enforcement of th[e] Agreement by means of specific performance or injunction, without any requirement to post a bond or other security," and (d) a covenant that jurisdiction and venue of any dispute between the parties shall be exclusively in the U.S. District Court for the Western District of Oklahoma. *See* [Dkt. No. 99-1] at 3-5 (¶¶ 5-7) (Painting sharing covenants); 5-6 (¶ 8) (covenant not to sue); 6 (¶ 9) (specific performance agreements); and 8 (¶ 11((i) (exclusive jurisdiction and venue)).

5. The Court, having reviewed the parties' Motion and the Agreement, subsequently entered the Order which dismissed Ms. Meyer's claims with prejudice "subject to the retention of jurisdiction in this court to enforce the Settlement Agreement and any disputes arising out of it."[1] *See* [Dkt. No. 100].

---

[1] The Court had the power to retain this jurisdiction, and it was proper for this to have occurred. *See Kokkonen v Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-81 (1994); *see also Dona Ana Mutual Domestic Water Consumers Assoc. v. City of Las
continued

2

6.     The Court also entered the Judgment which effectuated the dismissal set forth in its Order, therein reiterating that the dismissal was "subject to the retention of jurisdiction in this court to enforce the Settlement Agreement and any disputes arising out of it." *See* [Dkt. No. 101].

7.     Since the entry of the Court's Order and Judgment, the Painting has, in accordance with the Agreement's terms, been displayed peacefully in the Musée d'Orsay alongside a plaque detailing its history, the existence of this lawsuit, and the parties' settlement.

8.     At present, the Painting is, pursuant to the terms of the Agreement, set to be returned to Oklahoma for display in the Fed Jones Jr. Museum of Art beginning in the summer of 2021.

9.     On or about October 13, 2020, Ms. Meyer—in violation of the Agreement, and therefore the Court's Order and Judgment—initiated a proceeding related to the Painting against the Oklahoma Parties before the President of the District Court of Paris (the "Parisian Action"). *See generally* [Ex. "1"].

---

*Cruces*, 516 F.3d 900, 906 (10th Cir. 2008) (noting jurisdiction was proper because the underlying court order states the court "retains jurisdiction to resolve any dispute between the parties pertaining to the [Settlement Agreement] if such disputes cannot be resolved by mediation as provided for in said Agreement") (citing *Kokkonen*, 511 U.S. at 381); *Anago Franchising, Inc. v. SHAZ, LLC*, 677 F.3d 1272, 1278-79 (11th Cir. 2012) (noting the Supreme Court confirmed under Rule 41(a) that "a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court" by "making the settlement agreement part of the court order by a separate provision 'retaining jurisdiction' or by incorporating the terms of the agreement into the order itself").

10. In the Parisian Action, Ms. Meyer requests an order sequestering (*i.e.*, freezing ownership / possession of) the Painting. *See id.* at 2.

11. This filing of Parisian Action is in direct contravention of the Agreement's acknowledgment that this Court would have exclusive jurisdiction to resolve any further disputes between the parties, as well as Ms. Meyer's covenant not to sue, wherein she affirmed her obligation "to refrain and forbear forever from commencing, instituting, prosecuting, or directly or indirectly participating in, or filing any claim for damages or demand in connection with, any lawsuit, action, or proceeding against [the Oklahoma Parties] based upon any of the matters released in Paragraph[] 8.a" of the Agreement.[2] *See* [Dkt. No. 99-1] at 6 (¶ 8.c).

12. Because Ms. Meyer has breached the obligations placed on her by the Agreement which she signed, the Court should exercise the jurisdiction it expressly retained and enter an Order compelling Ms. Meyer to comply with the terms of the Agreement and immediately cease prosecuting and cause the Parisian Action to be dismissed with prejudice.

---

[2] In ¶ 8.a Ms. Meyer released the Board and the Foundation from any and all claims "of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, contingent or fixed, which Ms. Meyer has, or at any time heretofore ever had, in any way from the beginning of time through the date of the execution of th[e] Agreement, including without limitation, any matter pertaining to the Painting." *See id.* At 5 (¶ 8.a).

13. Granting this relief is also consistent with and in furtherance of the parties' covenants regarding the availability of specific performance, which are set forth in ¶ 9 of the Agreement. *See id.* at 6 (¶ 9).

14. At present, a hearing is set in the Parisian Action for December 8, 2020. *See* [Ex. "1"] at 1.

15. Consequently, the Oklahoma Parties request expedited consideration of this Motion so as to avoid the possibility of Ms. Meyer obtaining relief from the Parisian court before such time as this Court can act to prevent such an outcome.

## Conclusion

The Oklahoma Parties move the Court to exercise the jurisdiction it has retained over this matter and request that it enter an Order compelling Ms. Meyer to comply with the obligations of the Agreement and immediately dismiss the Parisian Action. In light of the exigency of the circumstances, the Oklahoma Parties further move for expedited consideration of this Motion.

Dated: October 29, 2020

Respectfully Submitted,

/s/ *Michael K. Avery*
Michael McClintock, OBA #18105
Michael K. Avery, OBA #22476
McAfee & Taft A Professional Corporation
Two Leadership Square, 10th Floor
211 N. Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 552-2213
Facsimile: (405) 235-0439
michael.mcclintock@mcafeetaft.com
michael.avery@mcafeetaft.com

-and-

Thaddeus J. Stauber
Nixon Peabody LLP
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013-1010
Telephone: (213) 629-6076
Facsimile: (866) 877-2293
tstauber@nixonpeabody.com
sandre@nixonpeabody.com

**Attorneys for the Board of Regents of the University of Oklahoma and the University of Oklahoma Foundation, Inc.**